Curia, per
Whitner, J.
The defendant had in his hands certain property, afterwards converted into money by a sale, for distribution amongst the creditors of a failing debtor. The points before this Court arise out of the contest between the plaintiffs, as judgment creditors, and a landlord interposing a clairp for rent mainly, though a further sum of fifty dollars was also set up and allowed, for a fee under the assignment.
*250 It is not proposed to re-state the case now: the brief furnishes the facts, the point of law ruled, and the grounds of appeal.
The indorsement made by the plaintiffs on their judgment, at the time of receiving the confession, to stay execution till first January after, it is urged, constituted this a conditional judgment, and hence that execution would not have been' permitted earlier, if it had been attempted. This may be the correct view, though the case need not be rested on that. Whatever may have been rightfully done by the plaintiffs, in point of fact they agreed not to levy before a time named, and did not levy their execution at any time. When the assignment was heard of and examined into, the plaintiffs early expressed their willingness, by their attorney, to abide a sale by the assignee in lieu of the sheriff, subject to liens according to law. But, without compromit-ting the plaintiffs by any particular form of expression, in point of fact the sale was made by the assignee. Suppose it had been by the sheriff, in virtue of the execution, at the earliest day, according to the indorsement on the record, to wit, the 1st January, 1849. The rent was due to the landlord before that day, and hence the sheriff must have paid the sum claimed, on notice, before the removal of the goods, under the provisions of the Statute of Anne.
The higher rights which, it is contended, the plaintiffs may have secured, by an earlier levy and removal, cannot avail them, for the simple reason that they were not thus secured; nor does it appear that any supposed advantage they might have thus obtained, was lost by any special undertaking or promise of the assignee.
Before any removal of the goods, the rights of the landlord attached, and, as a part of plaintiff’s case, the assignee was to proceed, sell and distribute, so far as they were concerned, as though the sheriff had been permitted to proceed.
The rent was properly paid, the payment properly sanctioned by the jury. But it is not understood, in this arrangement, that plaintiffs waived any right they had under this execution. The attendance of the attorney at the meeting of the creditors by no *251 means amounts to any such waiver, much less the kind offer to transfer an interest in the execution to those in distress. These acts were entirely consistent with the asserted lien of the execution and the rights of the parties under it. There is not a single fact shown, proceeding from the plaintiffs, or their attorney, postponing these rights to any preferences set up under the assignment.
The allowance of the fifty dollars fee, therefore, was manifestly founded in some total misconception of the rights of the parties.
The motion for a new trial is, therefore, granted in this case, unless the defendant pay to the plaintiffs the further sum of fifty dollars, in addition to the verdict, on or before the next term of the City Court.
O’Neall, Evans, Wardlaw, Frost, and Withers, JJ., concurred.

New trial ordered nisi.